IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRUCE WILLIAMS,

           Plaintiff,

v.

WILHY HARPO,

           Defendant.

1:16-cv-1225-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Wilhy Harpo's ("Defendant") Application for Leave to Proceed *In Forma Pauperis* [1] (the "Application") and Notice of Removal [1.4].

### I.   BACKGROUND

On April 15, 2016, Defendant filed his Application and his Notice of Removal. Defendant seeks to remove a civil action from the Superior Court of Fulton County, Georgia. Defendant claims removal is warranted because of state court judges' "retributive bias against Defendant," and he claims that "[u]nless the instant case is removed to the District Court, Defendant would suffer the denial of the federal constitutional right to due process of law and would continue to suffer additional grievous harm and damages." (Notice of Removal at 2). He claims that

state court judges are biased against him because he "has filed suit against such officials in the state courts . . . ." (Id. at 1). Defendant does not allege the basis for the Court's jurisdiction, and does not allege that the parties are diverse. The Court, in light of Defendant's *pro se* status, construes the Notice of Removal as seeking removal under 28 U.S.C. § 1443(1).

Defendant is a frequent filer of frivolous lawsuits. The Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 1443(1) permits a defendant in a civil state court action to remove the action to federal district court if the action is against a person who is denied or cannot enforce in the state courts "a right under any law providing for equal civil rights of citizens of the United States." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). In Georgia v. Rachel, the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to

§ 1443(1) must satisfy. First, the petitioner must show that the right upon which the petitioner relies arises under a federal law "providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966). Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts. Id. at 794.

### B. Analysis

Defendant does not allege any facts regarding his race, or any facts to show that the right upon which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality. Defendant's Notice of Removal therefore does not meet the Rachel test. See Conley, 245 F.3d at 1295-96.

"Furthermore, [Defendant]'s allegation that he cannot get a fair trial in state court because the state trial judge is biased in favor of the defendant . . . does not state a cognizable ground for removal under § 1443(1)." See id. at 1298-99. The Court thus lacks jurisdiction over this action, and remand of this action to the Superior Court of Fulton County, Georgia is required. See id. at 1299.

The Court also notes that, because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2);

Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa.  Defendant did not disclose his full litigation history in his Application or Notice of Removal.  The Court's prior Orders, and the fact that other actions filed by Defendant have been dismissed for his failure to comply with the Court's prior Orders, put Defendant on notice that he was required to disclose his full litigation history in his Application.  See Hollis, et. al. v. Baxter, No. 1:15-cv-2194-WSD (N.D. Ga. 2015) (ECF No. 6 at 4).  Defendant's failure to comply with the Court's prior Orders also warrants dismissal of this action.  See LR 41.3(A)(2), NDGa.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of Fulton County, Georgia

**SO ORDERED** this 18th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE